IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DIMAS O'CAMPO,

    Plaintiff,

vs.

RAGHBIR SINGH GHOMAN
dba QUIK SHOP 2; GHOMAN'S
PROPERTIES, LLC.,

    Defendants.

_____/

No. CIV S-08-1624 FCD DAD PS

FINDINGS AND RECOMMENDATIONS

    By order filed July 29, 2009, the Honorable Frank C. Damrell, Jr. granted defense counsel's motion to withdraw as attorney of record for defendants Raghbir Singh Ghoman dba Quik Shop 2 ("Ghoman") and Ghoman's Properties, LLC. (Doc. No. 9.) Defendant Ghoman was substituted in propria persona. Because a corporation is not permitted to appear in propria persona, withdrawing counsel was required to send his corporate client a letter advising his former client that its failure to obtain new counsel may result in a default being entered against it. (Doc. No. 9 at 3.) The case was referred to the undersigned pursuant to Local Rule 72-302(c)(21).

    The Clerk of the Court served a copy of the July 29, 2009 order upon pro se defendant Raghbir Singh Ghoman, and withdrawing counsel sent another copy of that order to

1

defendant Raghbir Singh Ghoman with a letter dated July 30, 2009.  (Doc. No. 10.)  Counsel's letter emphasizes the requirement that counsel must be obtained for the corporate defendant in order to avoid having a default judgment entered against it.  Defendant Ghoman was urged by counsel to act promptly in that regard.

Two months have passed, and no appearance has been made by an attorney representing defendant Ghoman's Properties, LLC.  "A corporation or other entity may appear only by an attorney."  Local Rule 83-183(a).  Unlicensed laypersons, including the owners of companies, officers of a corporation, partners of a partnership, and members of an association may not represent their entities "pro se."  <u>Rowland v. California Men's Colony</u>, 506 U.S. 194, 201-02 (1993) ("It has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel. . . . [T]hat rule applies equally to all artificial entities."); <u>United States v. High Country Broadcasting Co., Inc.</u>, 3 F.3d 1244, 1245 (9th Cir. 1993) (affirming district court's entry of default judgment against the corporation when the corporation failed to retain counsel for the duration of the litigation and attempted to proceed through its unlicensed president and sole shareholder).

Defendant Ghoman Properties, LLC was forewarned that its failure to appear through counsel might result in a default being entered against it.  <u>See</u> Fed. R. Civ. P. 41(b); Local Rule 11-110.  The undersigned will therefore recommend that Judge Damrell strike the answer filed October 10, 2008 to the extent that it constitutes an answer by defendant Ghoman's Properties, LLC, and deem the answer to be solely the answer of defendant Raghbir Singh Ghoman dba Quik Shop 2.  If no objections are filed by an attorney representing the corporate defendant, and the findings and recommendations are adopted, plaintiff will then be directed to request entry of default against defendant Ghoman's Properties, LLC.

IT IS RECOMMENDED that Judge Damrell strike the answer filed October 10, 2008 to the extent that it was filed on behalf of defendant Ghoman's Properties, LLC, and deem the answer to be solely the answer of defendant Raghbir Singh Ghoman dba Quik Shop 2.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fifteen days after these findings and recommendations are served on both defendants at the address of record for pro se defendant Raghbir Singh Ghoman, the corporate defendant may file written objections with the court but must file them through counsel. A document containing objections should be titled "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may, under certain circumstances, waive the right to appeal the District Court's order. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: October 5, 2009.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:kw
Ddad1\orders.pro se\ocampo1624.f&r

3