IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DIMAS O'CAMPO,

    Plaintiff,

vs.

RAGHBIR SINGH GHOMAN dba QUIK SHOP 2; GHOMAN'S PROPERTIES, LLC.,

    Defendants.

/

No. CIV S-08-1624 KJM DAD PS

FINDINGS AND RECOMMENDATIONS

This matter came before the court for hearing of plaintiff Dimas O'Campo's motion for leave to file an amended complaint. (Doc. No. 19.) Attorney Scott L. Hubbard appeared telephonically on behalf of plaintiff Dimas O'Campo. Defendant Raghbir Singh Ghoman did not appear. Oral argument was heard, and plaintiff's motion was taken under submission.

## BACKGROUND

On July 15, 2008, plaintiff filed a complaint alleging that defendant Raghbir Singh Ghoman dba Quik Shop 2 and defendant Ghoman's Properties, LLC, discriminated against plaintiff in violation of the Americans with Disabilities Act ("ADA"), the Disabled Persons Act ("DPA"), the Unruh Civil Rights Act ("UCRA"), and certain provisions of the California Health

1

and Safety Code. (Compl. (Doc. No. 1.)) On October 10, 2008, defendants, represented by counsel, filed an answer to plaintiff's complaint. (Answer (Doc. No. 5.)) On June 18, 2009, counsel for defendants filed a motion to withdraw as attorney of record citing, among other factors, defendants' refusal to respond to counsel's phone calls, mail and certified mail. (Doc. No. 8.) On July 29, 2009, the previously assigned District Judge granted counsel's motion to withdraw as attorney of record, ordered defendant Raghbir Singh Ghoman substituted in propria persona, advised defendant Ghoman's Properties, LLC that as a corporation it could not appear in propria persona and therefore must obtain counsel to avoid default, and referred the matter to the undersigned pursuant to Local Rule 72-302(c)(21). (Doc. No. 9.)

On November 12, 2009, the previously assigned District Judge adopted the undersigned's findings and recommendations and ordered the answer filed October 10, 2008, stricken to the extent it was filed on behalf of defendant Ghoman's Properties, LLC, deeming that answer to be filed solely the answer of defendant Raghbir Singh Ghoman dba Quick Shop 2. (Doc. No. 12.) On February 5, 2010, a status (pretrial scheduling) conference was held before the undersigned. Attorney Lynn Hubbard appeared telephonically on behalf of plaintiff Dimas O'Campo. Defendant Raghbir Signh Ghoman appeared pro se on his own behalf. There was no appearance on behalf of defendant Ghoman's Properties, LLC. After the hearing the court issued a pretrial scheduling order on February 8, 2010. (Doc. No. 16.) On April 5, 2010, plaintiff filed a request for entry of default as to defendant Ghoman's Properties, LLC. (Doc. No. 17.) The Clerk of the Court entered default as to defendant Ghoman's Properties, LLC on April 6, 2010. (Doc. No. 18.)

However, on January 7, 2011, the Ninth Circuit, in an en banc decision, altered the pleading standard for claims brought under the Americans with Disabilities Act. See Chapman v. Pier One Imports, Inc., 631 F.3d 939 (9th Cir. 2011). On January 17, 2011, plaintiff filed a motion for leave to file an amended complaint in light of the Ninth Circuit's decision in
/////

1 Chapman.  Plaintiff's motion was heard before the undersigned on February 25, 2011.  Neither
2 defendant filed an opposition to plaintiff's motion or appeared at the February 25, 2011 hearing.

## ANALYSIS

4    The pretrial scheduling order in this action, issued February 8, 2010, precludes further amendment to the pleadings "without leave of court, good cause having been shown." (See Scheduling Order, filed Feb. 8, 2010 (Doc. No. 16) at 2.)  Therefore, plaintiff's motion to amend can only be granted pursuant to Rule 16(b) of the Federal Rules of Civil Procedure.  See Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 607-08 (9th Cir. 1992).  Under Rule 16(b), "the focus of the inquiry is upon the moving party's reasons for seeking modification" and their diligence in doing so.  Id. at 607-08, 609.  See also Noyes v. Kelly Services, 488 F.3d 1163, 1174 n.6 (9th Cir. 2007) ("Rule 16(b) provides that a district court's scheduling order may be modified upon a showing of 'good cause,' an inquiry which focuses on the reasonable diligence of the moving party.") (citing Johnson, 975 F.2d at 609).

   Here, plaintiff's reason for seeking modification of the scheduling order is based on the Ninth Circuit decision in Chapman in which a new pleading standard governing ADA claims was announced.  That newly announced standard requires plaintiffs presenting a Title III claim under the ADA to specifically allege in their complaint how each individual barrier affects their disability.  (Pl.'s Mot. to Am. (Doc. No. 19.)  Numerous district courts within the Ninth Circuit have granted plaintiffs asserting ADA claims leave to amend their complaints to adhere to the new standard announced in Chapman.  See, e.g., Feezor v. Patterson, Civ. No. S-10-1165 FCD GGH, 2011 WL 1466897, at *4 (E.D. Cal. Apr. 18, 2011) ("Since failure to amend the complaint may result in dismissal of the complaint under Chapman, denial of plaintiff's motion would cause plaintiff extreme prejudice at this early stage of the litigation.  Accordingly, granting leave to amend is proper."); Kohler v. Flava Enterprises, Inc., Civ. No. S-10-730 IEG NLS, 2011 WL 666899 (S.D. Cal. Feb. 17, 2011) (recognizing that failure to adhere the complaint to the standard articulated in Chapman would result in dismissal of the complaint); Kohler v. Presidio

3

1  Intern, Inc., Civ. No. S-10-4680 PSG PJW, 2011 WL 686060 (C.D. Cal. Feb. 16, 2011) (holding

2  that leave to amend should be granted to permit the plaintiff to comply with Chapman's

3  standard); Rush v. CPG Partners, LP, Civ. No. S-10-4662, 2011 WL 561079 (C.D. Cal. Feb. 14,

4  2011) (same).

5      With respect to diligence, plaintiff could not have been more diligent in seeking

6  leave to amend.  The en banc decision in Chapman was filed on January 7, 2011.  Plaintiff's

7  motion for leave to amend was filed a mere ten days later on January 17, 2011.  Moreover,

8  despite ample time and opportunity, neither defendant has filed any objection to plaintiff's

9  motion seeking leave to file an amended complaint.

10      For the reasons set forth above, IT IS RECOMMENDED that:

11      1.  Plaintiff's January 17, 2011 motion to amend his complaint (Doc. No. 19) be

12  granted;[1] and

13      2.  That plaintiff be granted twenty-one (21) days to file and serve his amended

14  complaint.[2]

15      These findings and recommendations will be submitted to the United States

16  District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within

17  fourteen days after these findings and recommendations are served on both defendants at the

18  address of record for pro se defendant Raghbir Singh Ghoman, defendant Raghbir Singh Ghoman

19  /////

20  /////

---

[1] The parties are advised that if these findings and recommendations are adopted by the now assigned District Judge, the undersigned intends to set this matter for a status (pretrial scheduling) conference before the undersigned at which defendant Raghbir Singh Ghoman will be ordered to appear.

[2] Should these findings and recommendations be adopted and plaintiff names Ghoman's Properties, LLC as a defendant in his amended complaint, plaintiff is cautioned that although service of process is not required on a party who is in default for failing to appear, a party must be served pursuant to Rule 4 of the Federal Rules of Civil Procedure if a pleading asserts a new claim for relief against that party.  See Fed. R. Civ. P. 5(a)(2).


1  may file objections thereto with the court.[3]  A document containing objections should be titled
2  "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections
3  within the specified time may, under certain circumstances, waive the right to appeal the District
4  Court's order.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).
5  DATED: November 9, 2011.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

10  DAD:6
Ddad1\orders.prose\ocampo1624.lta.f&rs

---

[3] Defendant Ghoman's Properties, LLC may also file written objections with the court within fourteen days of service of these findings and recommendations but must file them through counsel.