IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT COURT OF CALIFORNIA

DIMAS O'CAMPO,

                Plaintiff,                      No. 2:08-cv-01624-KJM-DAD

     v.

RAGHBIR SINGH GHOMAN, dba
QUICK SHOP 2; GHOMAN'S
PROPERTIES, LLC,

                Defendants.                ORDER

_____/

        This matter is before the court on plaintiff's unopposed motion for summary judgment on his claims under the federal Americans with Disabilities Act of 1990 ("ADA") and other state disability laws. (ECF 42.) The motion was decided without a hearing. For the reasons below, the court DENIES plaintiff's motion for summary judgment and DISMISSES plaintiff's complaint with prejudice.

I.       FACTUAL AND PROCEDURAL BACKGROUND

        Plaintiff O'Campo is "physically disabled" as defined by federal and California disability laws. (First Amended Complaint ¶ 8, ECF 27 ("FAC").) He has severe brain damage, which affects his ability to walk, talk, see, and stand, and he requires the use of a cane when traveling in public. (*Id.*)

Plaintiff visited defendants' public gas station and encountered barriers that interfered with his equal enjoyment of the facility. (*Id.* ¶ 10.) Plaintiff lists over a dozen such barriers particular to his disability, such as incorrect tow away signage and a sharp toilet tissue dispenser. (*Id.*) Plaintiff alleges defendants' noncompliance is ongoing.

Plaintiff filed his original complaint on July 15, 2008. On January 27, 2012, this court granted plaintiff's motion for leave to amend despite the lateness of the date, as the Ninth Circuit's intervening decision in *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939 (9th Cir. 2011), had altered substantially the pleading requirements for ADA plaintiffs. (ECF 26.) Plaintiff filed his first amended complaint on February 6, 2012 and moved for summary judgment on February 8, 2013. (ECF 27, 42.) Defendants did not oppose.[1]

II.     STANDARD

A court will grant summary judgment "if . . . there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). The "threshold inquiry" is whether "there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

The moving party bears the initial burden of showing the district court "that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). The burden then shifts to the nonmoving party, who "must establish that there is a genuine issue of material fact . . . ." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 585 (1986). In carrying their burdens, both parties must "cit[e] to particular parts of materials in the record . . .; or show [] that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." FED. R. CIV. P. 56(c)(1); *see also*

---

[1] After the court learned defendants' counsel had been deemed ineligible to practice law in California, the court ordered plaintiff to serve his motion directly upon defendants. (ECF 45, 58.) Plaintiff filed a certificate of service on March 14, 2013. (ECF 46.) Defendants still have not responded to plaintiff's motion.

*Matsushita*, 475 U.S. at 586 ("[the nonmoving party] must do more than simply show that there is some metaphysical doubt as to the material facts"). Moreover, "the requirement is that there be no *genuine* issue of *material* fact . . . . Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 247-48 (emphasis in original).

In deciding a motion for summary judgment, the court draws all inferences and views all evidence in the light most favorable to the nonmoving party. *Matsushita*, 475 U.S. at 587-88; *Whitman v. Mineta*, 541 F.3d 929, 931 (9th Cir. 2008). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita*, 475 U.S. at 587 (quoting *First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 289 (1968)).

III.   ANALYSIS

Plaintiff brings one federal law claim and three state law claims, alleging violation of (1) the ADA, 42 U.S.C. §§ 12101 *et seq.*; (2) the Disabled Persons Act, California Civil Code §§ 54, *et seq.*; (3) the Unruh Civil Rights Act, California Civil Code § 51; and (4) California Health and Safety Code §§ 19953 *et seq*. The court concludes plaintiff lacks standing to pursue injunctive relief under the ADA and declines to exercise supplemental jurisdiction over plaintiff's remaining state law claims.

A.   Americans with Disabilities Act Claim

Plaintiff's first amended complaint and motion are jurisdictionally defective. While defendants have not opposed the instant motion or questioned plaintiff's standing, "[f]ederal courts are required sua sponte to examine jurisdictional issues such as standing." *Chapman*, 631 F.3d at 954 (citation omitted) (alterations in original). Article III standing may not be waived and must be demonstrated at all stages of the litigation. *Id.* (internal quotations and citations omitted). If the court determines at any time that it lacks subject-matter jurisdiction, it must dismiss the action. FED. R. CIV. P. 12(h)(3).

The party asserting federal jurisdiction bears the burden of demonstrating he has standing. *Krottner v. Starbucks Corp.*, 628 F.3d 1139, 1141 (9th Cir. 2010); *Chapman*,

631 F.3d at 946.  "To demonstrate standing, a plaintiff must (1) have suffered an injury in fact — an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) there must be a causal connection between the injury and the conduct complained of — the injury has to be fairly . . . traceable to the challenged action of the defendant, and not . . . the result [of] the independent action of some third party not before the court; and (3) it must be likely as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Pritikin v. Dep't of Energy*, 254 F.3d 791, 796–97 (9th Cir. 2001) (citation and internal quotation marks omitted) (alterations in original).  "Although encounters with the noncompliant barriers related to one's disability are sufficient to demonstrate an injury-in-fact for standing purposes," a plaintiff seeking injunctive relief additionally must demonstrate either deterrence or intent to return to a noncompliant facility. *Chapman*, 631 F.3d at 944, 945–49.

Plaintiff has not borne his burden of establishing standing to seek injunctive relief under the ADA by demonstrating either deterrence or intent to return to defendants' store.

1.  Deterrence

"A disabled individual who is currently deterred from patronizing a public accommodation due to a defendant's failure to comply with the ADA has suffered 'actual injury.'" *Pickern v. Holiday Quality Foods Inc.*, 293 F.3d 1133, 1138 (9th Cir. 2002). However, a plaintiff seeking injunctive relief must also demonstrate a "'sufficient likelihood that he will again be wronged in a similar way.'" *Chapman*, 631 F.3d at 948 (quoting *City of Los Angeles v. Lyons*, 461 U.S. 95, 111 (1983)).  Hence, if a plaintiff demonstrates he "would" return to a noncompliant establishment if it were compliant, he has standing to seek an injunction, even if that plaintiff is unlikely to return to that noncompliant establishment while the barriers remain. *Chapman*, 631 F.3d at 949–50.

In the cases the *Chapman* court cited to outline the contours of the "deterrent effect doctrine," the plaintiffs all demonstrated they "would" return to the offending establishments if the barriers were not there.  In *Pickern*, where the deterrent effect doctrine originated, the Ninth Circuit found the plaintiff established standing by stating he "prefers to

4

shop at [the noncompliant establishment] and that he would shop [there] if it were accessible." 293 F.3d at 1138. Similarly, in *Doran v. 7-Eleven, Inc.*, 524 F.3d 1034, 1040 (9th Cir. 2008), the plaintiff alleged that he had visited the offending 7-Eleven Store ten to twenty times, that he is currently deterred from visiting the store because of its accessibility barriers, that the store is conveniently located near his favorite restaurant in Anaheim, and that he plans to visit Anaheim at least once a year. In addition, the plaintiff stated in his deposition that he plans to return to the store "once it's fixed." *Id.* at 1041. The court found this deposition testimony demonstrated the plaintiff's continued deterrence from patronizing the store and his intention to return in the future once the barriers had been removed. *Id.*; *see also Molski v. Arby's Huntington Beach*, 359 F. Supp. 2d 938, 947 (C.D. Cal. 2005) (holding that a plaintiff suffered actual and imminent injury when he alleged (1) that he visited an accommodation in the past; (2) that he was currently deterred from returning to the accommodation because of ADA violations; and (3) that he would return if the ADA violations were remedied).

In the case at bar, plaintiff alleges in a conclusory fashion that he is deterred from returning to defendants' store. (FAC ¶ 11) ("O'Campo was also deterred from visiting the Gas Station because he knew that the Gas Station's goods . . . were unavailable to physically disabled patrons . . . . He continues to be deterred from visiting the Gas Station because of the future threats of injury created by these barriers."). In his declaration, after attesting to the various barriers at issue in this motion, plaintiff states that "[a] number of these conditions continue to exist; therefore, I have reasonable grounds for believing that I will be subjected to future discrimination when I return to the facility." (O'Campo Decl. ¶ 7, ECF 42-3.)

Plaintiff nowhere alleges or provides facts indicating, as did the plaintiffs in *Pickern*, *Doran*, and *Molski*, that he "would" return to defendants' store if it were accessible. *Pickern*, 293 F.3d at 1138; *Doran*, 524 F.3d at 1040; *Molski*, 359 F. Supp. 2d at 947. Instead, plaintiff simply concludes that he was "deterred" and "continues to be deterred" because of the barriers.

Additionally, plaintiff's sworn declaration contradicts his assertion of deterrence. In his declaration, he states he has "reasonable cause" to believe he will be

5

subjected to future discrimination *when* "[he] return[s] to the facility." (O'Campo Decl. ¶ 7.) This statement suggests plaintiff's imminent injury is his intent to return to defendants' store while it is noncompliant. "Intent to return" is a separate and independent ground for establishing standing under the ADA. *Chapman*, 631 F.3d at 949. Accordingly, the court next examines that basis for establishing standing.

2.   Intent to Return

If a plaintiff demonstrates he "will" return to a noncompliant facility in the future, he has standing to seek an injunction because he has shown a "sufficient likelihood he will again be wronged in a similar way." *Chapman*, 631 F.3d at 948. "In determining whether a plaintiff's likelihood of returning to a defendant is sufficient to confer standing, courts have examined factors such as '(1) the proximity of the place of public accommodation to plaintiff's residence, (2) plaintiff's past patronage of defendant's business, (3) the definitiveness of plaintiff's plans to return, and (4) the plaintiff's frequency of travel near defendant.'" *Harris v. Del Taco, Inc.*, 396 F. Supp. 2d 1107, 1113 (C.D. Cal. 2005) (quoting *Molski v. Arby's Huntington Beach*, 359 F. Supp. 2d 938, 947 n.10 (C.D. Cal. Mar. 14, 2005)).

Here, plaintiff pleads no facts demonstrating he intends to return to defendants' facility. In *Fortyune v. Am. Multi-Cinema, Inc.*, 364 F.3d 1075, 1078–79 (2004), a case the *Chapman* court cited as representative of the intent-to-return doctrine, the quadriplegic plaintiff sued to enjoin a movie theater's ongoing seat policy that did not ensure wheelchair-bound patrons could sit next to their companions. The plaintiff established a "real and immediate threat his injury will be repeated" sufficient to pursue injunctive relief because he stated he attends three or four movies per week at the defendant's theater with a companion. *Id.* at 1081.

In the instant case, plaintiff concludes in his declaration that he will be subjected to future discrimination when he returns to defendants' facility simply because defendants' noncompliance is ongoing. (O'Campo Decl. ¶ 7.) He also states he has visited the store "numerous times, including in June 2008, and December 10, 2012." (*Id.* ¶ 4.) However, plaintiff does not speak to how close the store is to his house, the definitiveness of his plans to return, or the frequency of travel near the store. *See Harris*, 396 F. Supp. 2d at 1113. Without

6

this information, there is an insufficient showing of likelihood plaintiff will be wronged again. Because plaintiff has not met his burden of demonstrating standing, the court DENIES plaintiff's motion for summary judgment on his ADA claim and dismisses the claim with prejudice.

B.   State Law Claims

Plaintiff also brings state law claims under the Disabled Persons Act, California Civil Code §§ 54, *et seq.*; the Unruh Civil Rights Act, California Civil Code § 51; and California Health and Safety Code §§ 19953 *et seq*. This court has federal question jurisdiction over only plaintiff's single ADA claim under 28 U.S.C. § 1331[2] and § 1343.[3]  (FAC ¶ 3.) The court has supplemental jurisdiction over plaintiff's state law claims under 28 U.S.C. § 1367.[4] Because the court has dismissed with prejudice plaintiff's sole federal law claim, only state law claims remain.

"[A] federal district court with power to hear state law claims has discretion to keep, or decline to keep, [the state law claims] under the conditions set out in [28 U.S.C.] § 1367(c) . . . ."  *Acri v. Varian Associates*, *Inc*., 114 F.3d 999, 1000, *as supplemented by* 121 F.3d 714 (9th Cir. 1997).  One such condition is when "the district court has dismissed all claims over which it has original jurisdiction."  28 U.S.C. § 1367(c)(3).  The court declines to exercise supplemental jurisdiction over plaintiff's remaining state law claims.

/////

/////

---

[2] This section provides: "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

[3] 28 U.S.C. § 1343(a)(4) grants federal courts original jurisdiction in civil actions "[t]o recover damages or to secure equitable or other relief under any Act of Congress providing for the protection of civil rights, including the right to vote."

[4] 28 U.S.C. § 1367(a) reads in relevant part: "[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."

IV. <u>CONCLUSION</u>

For the foregoing reasons, the court DENIES plaintiff's motion for summary judgment. Plaintiff's first amended complaint is DISMISSED in its entirety. This case is CLOSED.

IT IS SO ORDERED.

DATED: July 26, 2013.

_____
UNITED STATES DISTRICT JUDGE