1

2

3

4

5

6

7

8               UNITED STATES DISTRICT COURT

9            FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   DIMAS O'CAMPO,                        No.  2:08-cv-1624 KJM DB PS

12              Plaintiff,

13         v.

14   RAGHBIR SINGH GHOMAN, dba            ORDER
     QUICK SHOP 2; GHOMAN'S
15   PROPERTIES, LLC,

16              Defendants.

17

18        On January 17, 2017, plaintiff filed a motion for default judgment and set the matter for

19   hearing before the undersigned on February 17, 2017.  (ECF No. 92.)  Plaintiff's motion seeks, in

20   part, $152,307.30 in attorney's fees.

21        Plaintiff's motion, however, does not address how plaintiff arrived at reasonable hourly

22   rates for this district.  See Ingram v. Oroudjian, 647 F.3d 925, 928 (9th Cir. 2011) ("We have held

23   that in determining a reasonable hourly rate, the district court should be guided by the rate

24   prevailing in the community for similar work performed by attorneys of comparable skill,

25   experience, and reputation.").  Nor does plaintiff address why plaintiff should be awarded all the

26   hours expended on this action, given that some of those hours were spent on pleadings for which

27   plaintiff failed to allege standing.  See Webb v. Sloan, 330 F.3d 1158, 1168 (9th Cir. 2003)

28   ("Hours expended on unrelated, unsuccessful claims should not be included in an award of

1

1  fees.").

2       Accordingly, IT IS HEREBY ORDERED that:

3       1.  The February 17, 2017 hearing of plaintiff's motion for default judgment (ECF No. 92)

4  is continued to **March 24, 2017** at **10:00 a.m.**, at the United States District Court, 501 I Street,

5  Sacramento, California, in Courtroom No. 27, before the undersigned[1];

6       2.  On or before March 10, 2017, plaintiff shall file a supplemental memorandum

7  addressing: (1) whether the attorney and paralegal rates plaintiff seeks are reasonable in light of

8  similar awards in cases before the Eastern District of California, Sacramento Division; (2) why

9  plaintiff should be compensated for all hours expended in light of pleading defect found in

10  plaintiff's original complaint; and (3) providing a comparison of the total hours expended, by

11  each attorney and paralegal, prior to the Ninth Circuit's ruling on November 9, 2015, and after the

12  Ninth Circuit's ruling.

13  DATED: February 16, 2017                    /s/ DEBORAH BARNES
                                               UNITED STATES MAGISTRATE JUDGE

---

[1]  Any party may appear at the hearing telephonically if the party pre-arranges such appearance by contacting Pete Buzo, the courtroom deputy of the undersigned magistrate judge, at (916) 930-4128, no later than 48 hours prior to the hearing; a party may not appear telephonically over a cellphone.